SECOND DISTRICT—OCTOBER, 1916.     525

Thompson v. J. D. Thompson Carnation Co., 203 Ill. App. 525.

supply the necessary element of consideration to make it enforceable.

---

Vera Thompson, Appellant, v. J. D. Thompson Carnation Company et al., Appellees.

Gen. No. 6,271.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916.

## Statement of the Case.

Suit by Vera Thompson, complainant, against the J. D. Thompson Carnation Company, Helen T. Fish, Charles M. Fish, Fannie T. Quintero, P. W. Peterson, B. Wunderlick and Frank M. Fairfield, defendants, to recover six and one-half shares of the capital stock of the defendant company. From a decree finding the title to five shares of the stock to be in the defendant, Helen T. Fish, complainant appeals.

The bill claimed title to one and one-half shares of the stock under an agreement set out therein, and the decree found title to those shares to be in complainant, to which no cross error was assigned. The other five shares were claimed by complainant by purchase from her brother John D. Thompson during her father's

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

526 APPELLATE COURTS OF ILLINOIS.

Thompson v. J. D. Thompson Carnation Co., 203 Ill. App. 525.

lifetime, and were claimed by her sister Helen T. Fish under a contract dated August 10, 1908, between herself, her father, who then owned the five shares, and her husband Charles M. Fish, all of whom were stockholders in the defendant company, the capital stock of which was nearly all owned by complainant, Helen T. Fish and Charles M. Fish. The father died intestate January 15, 1912, leaving as his only heirs at law complainant, Helen T. Fish and John D. Thompson. There had been no administration on his estate. The chancellor held that the contract was valid and enforceable, that it was not a testamentary disposition of property, and that the legal equitable right and title in and to the five shares vested in Helen T. Fish at the death of her father, subject to the payment of dividends and of a certain sum of money to complainant, as provided in the contract.

HOWARD W. HAYES and CHURCH, SHEPARD & DAY, for appellant; HOWARD W. HAYES and CLYDE L. DAY, of counsel.

OLIN & LARAWAY, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 172*—*when agreement between stockholders is not void as against public policy.* Where three holders of stock in a corporation entered into a written agreement to vote for each other and for no others as directors and that they should be elected to certain offices in the corporation, and one of said holders of stock, owning five shares thereof, further agreed in such agreement that in his absence or on his death a certain other of said holders should vote the shares and on his death should pay the dividends thereon and one-third of the par value thereof to his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

daughter, and another one-third of the par value thereof to his son, and the agreement provided further that it should not be changed or terminated except by the unanimous consent of the signers thereof and should be binding on their heirs, executors, administrators and assigns, *held* that such agreement was not void as against public policy.

2. CORPORATIONS, § 172*—*when contract for pooling of stock is valid.* A valid, irrevocable contract by the owner of corporate stock passing title upon the death of the original owner, based upon a sufficient consideration, and not a testamentary disposition of such property, is created where the three owners of the stock in such corporation enter into a written agreement to vote their respective shares for each other for directors, and no other purposes, and such agreement provides that they shall be elected to specified offices and one of such stockholders agreed that in his absence or on his death a certain other of the parties to the agreement should have the voting of the stock standing in his name and that on his death the dividends on the shares should be paid to the other party, as well as one-third of the par value of the stock and another one-third of the par value thereof to his son, and the agreement further provides that it should not be changed or terminated except by the unanimous consent of the signers thereof, and should be binding on their heirs, executors, administrators and assigns.

3. PROPERTY, § 2*—*what is.* Property is strictly speaking that dominion or indefinite right of user and disposition which one may lawfully exercise over particular things or objects.